IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MAURY DAVID MOORE,

    Petitioner,                        No. CIV S-11-2718 CKD P

    vs.

VAMIL SINGH, et al.

    Respondent.                      ORDER

_____/

       Petitioner, a state prisoner proceeding without counsel and in forma pauperis, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 and an application to proceed in forma pauperis.

       Examination of the trust account documents and petitioner's affidavit shows that petitioner is unable to afford the costs of suit. Accordingly, the request for leave to proceed in forma pauperis is granted. See 28 U.S.C. § 1915(a).

       "[A] claim for relief in habeas corpus must include reference to a specific federal constitutional guarantee, as well as a statement of the facts which entitle the petitioner to relief." Gray v. Netherland, 518 U.S. 152, 162-63 (1996); see Rule 2(c), Rules Governing § 2254 Cases. Petitioner alleges two claims of prosecutorial misconduct and two claims of ineffective assistance of counsel. The claims of prosecutorial misconduct appear to have been alleged with

1

1  sufficient factual support.  However, there are no factual descriptions of the two instances of
2  ineffective assistance of counsel beyond the cursory allegations written on the face of the
3  petition.  Petitioner alleges only that his counsel was ineffective in failing to investigate and
4  present evidence corroborating witness testimony that "could have precluded conviction[;]" and
5  he alleges his counsel was ineffective in failing to investigate "that there was another individual
6  involved[.]"  Pet. at 6.  Petitioner provides no more factual background than that.

7           Petitioner will be afforded an opportunity to file an amended petition that contains
8  the factual specificity required in a habeas petition.  He must at the very least describe the
9  evidence or witness testimony that he claims would have changed the outcome of the trial had his
10 counsel investigated and presented that evidence or testimony in court.  If he chooses to file an
11 amended petition, the court will examine it according to the same standards it has applied to this
12 petition.  In addition, plaintiff is informed that the court cannot refer to a prior pleading in order
13 to make plaintiff's amended petition complete.  Local Rule 220 requires that an amended
14 pleading be complete in itself without reference to any prior pleading.  This is because, as a
15 general rule, an amended complaint or petition supersedes the original.  See Loux v. Rhay, 375
16 F.2d 55, 57 (9th Cir. 1967).  Once petitioner files an amended petition, the original no longer
17 serves any function in the case.  Therefore, in an amended petition, as in an original petition,
18 each habeas claim and the factual bases underlying it must be sufficiently alleged.  In other
19 words, petitioner may not rely on the claims he has already alleged in this petition.  Instead, he
20 must re-state all of the claims he wishes to bring to court for habeas relief.

21           If petitioner chooses to rest on the original petition and not file an amended
22 petition, he will be able to proceed only on the claims of prosecutorial misconduct.  The court
23 will dismiss the claims of ineffective assistance of counsel for failure to state sufficient facts in
24 support of the claims.
25 ////
26 ////

In accordance with the above, IT IS HEREBY ORDERED that:

1. Petitioner's request to proceed in forma pauperis (Docket No. 2) is granted.

2. Petitioner has thirty days in which to file an amended petition. If petitioner chooses not to file an amended petition, he will be able to proceed only on the claims of prosecutorial misconduct. The court will dismiss the claims of ineffective assistance of counsel for failure to state sufficient facts in support of the claim.

Dated: November 14, 2011

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

hm
john2719.100