IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MAURY DAVID MOORE,

    Petitioner,                      No. CIV S-11-2718 CKD P

    vs.

VAMIL SINGH,

    Respondent.                   ORDER

_____/

        Petitioner is a state prisoner proceeding pro se with an application for writ of habeas corpus under 28 U.S.C. § 2254. Respondent has filed a motion to dismiss, arguing that two of the first amended petition's claims are unexhausted, rendering it a "mixed" petition and therefore subject to dismissal. Petitioner does not dispute that the claims are unexhausted; instead, he has responded with a request that the court stay this case and allow him to return to state court to exhaust all of his claims. Respondent voices no objection to a stay.

        A court may stay a petition and hold it in abeyance pursuant to either Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003), or Rhines v. Weber, 544 U.S. 269 (1995). See King v. Ryan, 564 F.3d 1133, 1135 (9th Cir. 2009). Kelly and Rhines set out different procedures and impose different requirements for imposing a stay. Under Kelly, the petitioner amends his petition to delete any unexhausted claims. The court then stays and holds in abeyance the

1

amended, fully exhausted petition, allowing the petitioner the opportunity to proceed to state court to exhaust the deleted claims. Id. (citing Kelly, 315 F.3d at 1070-71.) Later, the petitioner amends his petition to add the newly-exhausted claims to the original petition. Id. Under Rhines, a court may stay a "mixed" petition, i.e., one containing exhausted and unexhausted claims, to allow a petitioner to present unexhausted claims to the state courts. Rhines, 544 U.S. at 277. The Supreme Court articulated three pre-conditions for a stay of a mixed petition: (1) a finding of good cause for petitioner's failure to exhaust all his claims before filing his habeas action; (2) a finding that the unexhausted claims are potentially meritorious; and (3) no indication that the petitioner engaged in intentionally dilatory tactics. Rhines, 544 U.S. at 278. The Kelly procedure, which has remained available after Rhines, does not require a showing of good cause. King, 564 F.3d at 1140. However, the court may deny a request for stay and abeyance using the Kelly procedure if the new claims cannot be added to the existing habeas petition after they are exhausted in state court. King, 564 F.3d at 1141.

Rhines does not go into detail as to what constitutes good cause for failure to exhaust, and the Ninth Circuit has provided no clear guidance beyond holding that the test is less stringent than an "extraordinary circumstances" standard. Jackson v. Roe, 425 F.3d 654, 661-62 (9th Cir. 2005). Several district courts have concluded that the standard is more generous than the showing needed for "cause" to excuse a procedural default. See, e.g., Rhines v. Weber, 408 F. Supp. 2d 844, 849 (D.S.D. 2005) (applying the Supreme Court's mandate on remand). This view finds support in Pace v. DiGuglielmo, 544 U.S. 408, 125 S.Ct. 1807 (2005), where the Supreme Court acknowledged that a petitioner's "reasonable confusion" about the timeliness of his federal petition would generally constitute good cause for his failure to exhaust state remedies before filing his federal petition. 544 U.S. at 416-17, 125 S.Ct. 1807.

However, in Wooten v. Kirkland, 540 F.3d 1019 (9th Cir. 2008), the Ninth Circuit ruled that petitioner's claim that he, like the petitioner in this case, was "under the impression" that his counsel had raised all the issues before the state court of appeal did not constitute good

cause for failure to exhaust. Wooten, 540 F.3d at 1024. The Ninth Circuit explained that such a finding "would render stay-and-abey orders routine" and "would run afoul of Rhines and its instruction that district courts should only stay mixed petitions in 'limited circumstances.'" Wooten, 540 F.3d at 1024.

Both Kelly and Rhines "are directed at solving the same problem – namely, the interplay between AEDPA's one-year statute of limitations and the total exhaustion requirement first articulated in Rose v. Lundy, 455 U.S. 509 (1982)."[1] King, 564 F.3d at 1136. The Rhines procedure "eliminates entirely any limitations issue with regard to the originally unexhausted claims, as the claims remain pending in federal court throughout." Id. at 1140. On the other hand, "[a] petitioner seeking to use the Kelly procedure will be able to amend his unexhausted claims back into his federal petition once he has exhausted them only if those claims are determined to be timely." Id. at 1140-41. Because the Kelly procedure requires petitioners to dismiss their unexhausted claims and then attempt to add them back into the federal petition later, the Kelly procedure does not protect a petitioner's unexhausted claims from untimeliness.

Petitioner does not give any reason why he had not exhausted all claims when he filed his first amended petition on December 1, 2011. As stated above, a showing of good cause for not exhausting a claim is a pre-condition of obtaining a stay under Rhines test. A stay under Rhines would most likely be beneficial to petitioner since it would avoid any potential limitations problems. If petitioner cannot show good cause, he may obtain a stay under Kelly, which does not require a showing of good cause, but, again, a Kelly stay risks running afoul of the one-year statute of limitations. It is not clear from the record when, exactly, that statute began to run in this case. In any event, the court finds that petitioner should be given the opportunity to choose which method of obtaining a stay he believes will best serve his interests in attempting to exhaust

---

[1] Rose required district courts to dismiss a mixed petition, "leaving the prisoner with the choice of returning to state court to exhaust his claims or of amending or resubmitting the habeas petition to present only exhausted claims to the district court." 455 U.S. at 510.

all of his habeas claims and maintaining a timely cause of action.

Therefore, the court will allow plaintiff the option of submitting either a statement of good cause why he has not yet exhausted all of his habeas claims (as allowed under Rhines) or a second amended petition that contains only exhausted claims (as allowed under Kelly). Plaintiff's choice will dictate which of the above-described procedures the court will apply in considering whether to grant a stay. Petitioner has fourteen days from his receipt of this order in which to comply.

Petitioner has also requested the appointment of counsel. There currently exists no absolute right to appointment of counsel in habeas proceedings. See Nevius v. Sumner, 105 F.3d 453, 460 (9th Cir. 1996). However, 18 U.S.C. § 3006A authorizes the appointment of counsel at any stage of the case "if the interests of justice so require." See Rule 8(c), Fed. R. Governing § 2254 Cases. In the present case, the court does not find that the interests of justice would be served by the appointment of counsel at the present time.

Accordingly, IT IS HEREBY ORDERED:

1. Petitioner has fourteen days from his receipt of this order in which to show good cause why he has not yet exhausted all of his habeas claims in state court or to submit a second amended petition containing only exhausted claims.

2. Petitioner's request for appointment of counsel (Docket No. 13) is denied without prejudice to a renewal of the motion at a later stage of the proceedings.

Dated: April 13, 2012

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

3
moor2718.ord

4