IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MAURY DAVID MOORE

    Petitioner,                      No. 2:11-CV-2718 CKD P

    vs.

VAMIL SINGH

    Respondent.                  ORDER

/

        Petitioner is a state prisoner proceeding pro se with an application for writ of habeas corpus under 28 U.S.C. § 2254. The parties have consented to the magistrate judge's jurisdiction under 28 U.S.C. § 636(c).

        Respondent has filed a motion to dismiss, arguing that two of the first amended petition's claims are unexhausted, rendering it a "mixed" petition and therefore subject to dismissal. Petitioner responded with a request that he be allowed to stay this action while he returns to state court with his unexhausted claims. On April 13, 2012, the court ordered petitioner to state whether he wanted to avail himself of the "stay and abey" procedure allowed for mixed petitions under <u>Rhines v. Weber</u>, 544 U.S. 269 (1995), or whether he wanted to follow the procedure given in <u>Kelly v. Small</u>, 315 F.3d 1063 (9th Cir. 2003). Under the <u>Rhines</u> procedure, petitioner would attempt to show good cause for failing to exhaust all of his claims

1

1  and, if successful, would be allowed to return to state court while this action is stayed. Under
2  Kelly, petitioner would not have to show good cause, but he would be allowed to file a second
3  amended petition that contained only his exhausted claims.
4    Petitioner has confused the issue somewhat with separate filings, one that follows
5  Rhines and one that follows Kelly. First, on April 26, 2012, he submitted an explanation for why
6  he did not exhaust all of his claims, essentially attempting to show good cause, as allowed under
7  Rhines. Petitioner has not met the good cause requirement of Rhines: he explains that his
8  appellate attorney advised him to file a habeas action after his direct appeal ended, and that the
9  habeas action could include issues not raised on appeal. Presumably his attorney was referring to
10 the state habeas process, which allows a convicted defendant to argue issues that have not been
11 preserved in the trial record and were therefore not argued on appeal. Whatever the case,
12 petitioner's explanation fails to demonstrate why all of the claims in the instant federal petition
13 have not been exhausted. Petitioner's misunderstanding of his attorney's counsel or performance
14 does not, as a general matter, qualify as "good cause" in this context. See Wooten v. Kirkland,
15 540 F.3d 1019, 1024 (9th Cir. 2008) (ruling that petitioner's claim that he was "under the
16 impression" that his counsel had raised all the issues before the state court of appeal did not
17 constitute good cause for failure to exhaust).
18   In his attempt to show good cause for failing to exhaust all of his claims,
19 petitioner included a recent order from the Superior Court of Sacramento County as evidence that
20 he had now exhausted every claim he wishes to present in this court. See Response at 4-7
21 (Docket No. 16). Then, on May 14, 2012, nineteen days after submitting his statement of good
22 cause under Rhines, petitioner filed a second amended petition purporting to contain only
23 exhausted claims, as allowed under Kelly. It appears, though, that petitioner has presented his
24 unexhausted claims only to the Superior Court of Sacramento County and has not prosecuted
25 them to a final decision by the California Supreme Court, which is the only state court that can
26 exhaust a habeas claim. Therefore, the second amended petition is not fully exhausted: it

contains all of the claims that petitioner "mixed" in his first amended petition.

The court is left, then, with no basis on which to stay the petition under Rhines or Kelly.  Petitioner has not shown good cause, and the second amended petition remains "mixed," with two exhausted claims and two unexhausted claims.  The only course left is dismissal, "leaving the prisoner with the choice of returning to state court to exhaust his claims or of amending or resubmitting the habeas petition to present only exhausted claims to the district court."  Rose v. Lundy, 455 U.S. 509, 510 (1982).  The motion to dismiss will be granted with leave to amend, and petitioner will have thirty days in which to file a third amended petition that contains only exhausted habeas claims.  Petitioner's attempt to re-submit any claims that he has not already exhausted may result in an order of dismissal of the third amended petition in its entirety.

Finally, petitioner has requested the appointment of counsel.  There currently exists no absolute right to appointment of counsel in habeas proceedings.  See Nevius v. Sumner, 105 F.3d 453, 460 (9th Cir. 1996).  However, 18 U.S.C. § 3006A authorizes the appointment of counsel at any stage of the case "if the interests of justice so require."  See Rule 8(c), Fed. R. Governing § 2254 Cases.  In the present case, the court does not find that the interests of justice would be served by the appointment of counsel at the present time.

Accordingly, IT IS HEREBY ORDERED that:

1. The motion to dismiss (Docket No. 12) is granted, with leave to amend.  Petitioner has thirty days in which to file a third amended petition containing only exhausted claims.

2. The motion for a stay (Docket No. 13) is denied.

////

////

////

////

3

1  3. The motion for appointment of counsel (Docket No. 13) is denied.

Dated: June 21, 2012

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

3/moor2718.ord